UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 09-20536-BC
        Honorable Thomas L. Ludington

D-1   ERIC MARSHALL,
D-10  STEPHEN MARSHALL, and
D-25  KENYA CRAYTON,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISCLOSURE OF BRADY MATERIALS, DENYING DEFENDANTS' MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS, AND DENYING DEFENDANTS' MOTION TO SUPPRESS**

In November 2009, a grand jury in the Eastern District of Michigan returned a forty-nine-count indictment against fifteen defendants accused of conspiring to distribute cocaine and cocaine base near Bay City, Michigan, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When the grand jury issued a second superseding indictment on August 5, 2010, the alleged conspiracy grew to include twenty-five defendants and fifty-eight criminal charges. ECF No. 182. The alleged leader of the conspiracy, Defendant Eric Marshall, has filed three motions now before the Court: a motion for disclosure of *Brady* materials (ECF No. 438); a motion for disclosure of confidential informants (ECF No. 439); and a motion to suppress evidence obtained executing a search warrant of a residence and the interception of wire communications (ECF No. 440). Two of his co-defendants, Kenya Crayton and Stephen Marshall, have filed notices of joinder in the three motions. ECF No. 441, 459. For the following reasons, the motion for disclosure of *Brady*

materials will be granted in part and denied in part, the motion for disclosure of confidential informants will be denied, and the motion to suppress will be denied.

**I.**

Under the Fifth Amendment to the Federal Constitution; *Brady v. Maryland*, 373 U.S. 83 (1963) and progeny; and this Court's scheduling order (ECF No. 95), the government is obligated to disclose exculpatory evidence to Defendants. In light of this obligation, Defendants now move to require disclosure of whether the government offered any of the "co-defendants some sort of immunity or lenient sentence in exchange for their testimony" or made promises "to confidential informants to gain their assistance during the course of this investigation." E. Marshall's Mot. for Disclosure of *Brady* Materials 6, ECF No. 438. Impeachment of these potential government witnesses, Defendants argue, may exculpate them. The government responds that it "has provided E. Marshall and his co-defendants with the bulk of *Brady* materials . . . . The only matters not yet disclosed to the defendants relate to the confidential informants and materials not discoverable under Rule 16 which, in the opinion of the government, could place individuals associated with this prosecution in danger." Gov't's Resp. 1, ECF No. 450 (emphasis omitted).

"It is well established," the Sixth Circuit instructs, "that an express agreement between the prosecution and a witness is possible impeachment material that must be turned over under *Brady*. The existence of a less formal, unwritten or tacit agreement is also subject to *Brady*'s disclosure mandate." *Bell v. Bell*, 512 F.3d 223, 233 (6th Cir. 2008) (internal citation omitted) (citing *Giglio v. United States*, 405 U.S. 150, 154–55 (1972)). That is, "*Brady* is not limited to formal plea bargains, immunity deals or other notarized commitments," but extends to "less formal, unwritten, or tacit agreements, so long as the prosecution offers the witness a benefit in

exchange for his cooperation." *Akrawi v. Booker*, 572 F.3d 252, 262 (6th Cir. 2009) (internal alterations and citation omitted) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1034 (6th Cir. 2009)).

In contrast, the government is generally not required to disclose the identity of confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957). The scope of the government's privilege, however, is limited by the "fundamental requirements of fairness." *Id*. at 60. Thus, "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60–61. In order to prevail on a motion for disclosure of the identity of a confidential informant, the defendant must demonstrate "how disclosure of the informant would substantively assist his defense"; a "simple statement" that disclosing information regarding the informant "might assist in his defense" is insufficient. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citation omitted). "Where the defendant's claims are based on mere conjecture or supposition about the possible relevancy of the informant's testimony, such claims are insufficient to warrant disclosure." *United States v. Sales*, 247 F. App'x 730, 733 (internal quotation marks omitted) (quoting *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985)).

In this case, Defendants are entitled to information regarding agreements between the government and any of the co-defendants or other prospective witnesses — regardless of whether the agreements are formal or unwritten, express or tacit. In contrast, because Defendants do not articulate how disclosing information regarding non-testifying confidential informants would assist the defense, aside from the conclusory statement that "[t]his information is potentially exculpatory," this information is not subject to disclosure. Accordingly, the motion for disclosure of *Brady* materials will be granted in part and denied it in part. The government

shall disclose to the Defendants all agreements exchanged for witness cooperation, excluding those made with confidential informants who will not testify at trial.

**II.**

Defendants next move to require the government disclose the identity of five confidential informants. As discussed above, the government holds the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Sales*, 247 F. App'x 730, 734 (6th Cir. 2007) (quoting *Roviaro*, 353 U.S. at 59). When the privilege is challenged, the court must weigh "the public interest in protecting the flow of information to the government" against "the defendant's need for disclosure of information in the preparation of a defense." *Id.* (quoting *United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991)). "Disclosure has usually been required where the informant was an active participant in the events underlying the defendant's potential criminal liability," however, "[d]isclosure has usually been denied where the informant was not a participant, but a mere tipster or introducer." *United States v. Dexta*, 136 F. App'x 895, 905 (6th Cir. 2005) (internal citation omitted) (citing *Sharp*, 778 F.2d at 1186 n.2). Significantly, to prevail on this motion a defendant must demonstrate "how disclosure of the informant would substantively assist his defense"; a "simple statement" that disclosures regarding the informant "might assist in his defense" is insufficient. *Moore*, 954 F.2d at 381.

In this case, Defendants argue that "disclosure and production of the confidential informants is necessary to the preparation of the defense" as "[t]hese confidential informants likely have knowledge of the alleged conspiracy." E. Marshall's Mot. for Disclosure of Prosecution Informants 4, ECF No. 439. Defendants do not articulate, however, how the disclosure would assist their defense. Indeed, Defendants implicitly concede that they do not yet

know how it would assist them (if at all), writing: "The information possessed by the five confidential informants would prove to be highly beneficial for the development of a defense theory." *Id*. at 4–5. Such an argument is insufficient to warrant disclosure. Accordingly, the motion for disclosure of confidential informants will be denied.

## III.

Finally, Defendants move to suppress evidence obtained pursuant to the court-ordered Title III wire intercept and the search warrant of 3371 Barber Road, Bay City. On September 11, 2009, this Court entered an order pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 211–225, 18 U.S.C. §§ 2510–2520, authorizing the interception of communications from the cellular telephone assigned number 989-443-297. On October 8, 2009, this Court authorized an additional thirty days of interception. On November 6, Magistrate Judge Charles Binder authorized a search warrant for the residence at 3371 Barber Road. On December 8, 2009, a FBI report was created documenting that one of seven confidential informants the FBI had used to make controlled purchases from Eric Marshall and his associates was addicted to crack cocaine and had pilfered from the controlled purchases he made on behalf of the government. Specifically, the informant "acknowledged breaking off a quantity of a purchased crack rock that was small enough to fit into a cigar." Gov't's Resp. to Def.'s Mot. to Suppress 6, ECF No. 458 (Gov't Suppression Resp.").

Defendants contend that the wire orders and search warrant lack probable cause because at some point the affiant, Agent Andrea Kinzig, learned that this informant "was addicted to crack cocaine and was stealing a portion from the controlled buys that he/she participated in." E. Marshall's Br. Supp. Mot. to Suppress 7, ECF No. 440 ("Def.'s Suppression Br."). Evidence gathered pursuant to the wire orders and search warrant should be suppressed, Defendants

contend, because "Agent Kinzig cannot attest to the credibility of one of the informants she relied on in her affidavit. Agent Kinzig cannot attest to credibility of her informant because he/she is a known crack cocaine addict." *Id*. at 8. Defendants' Fourth Amendment rights were violated, they conclude, as "Agent Kinzig did not report this information to anyone until after the warrants had been issued." *Id.* at 7.

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In determining whether a warrant should issue, "a magistrate must review the affidavit according to the totality of the circumstances and make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying the hearsay information, there is probable cause." *United States v. Fowler*, 535 F.3d 408, 414 (6th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007)). "The affidavit underlying a search warrant is sufficient to support a finding of probable cause," the Sixth Circuit elaborates, "if, based on the totality of the circumstances, it provided the magistrate with a substantial basis for concluding that there was probable cause to issue the warrant." *Id*.; *see generally* Craig S. Lerner, *The Reasonableness of Probable Cause*, 81 Tex. L. Rev. 951 *passim* (2003) (discussing historical background, legal development, and numerical indeterminacy of probable cause requirement).

As a general matter, "all evidence obtained by an unconstitutional search and seizure is inadmissible in federal court." *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (internal alteration omitted) (quoting *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)). In *Franks v. Delaware*, 438 U.S. 154 (1978), the Court recognized a defendant's right to challenge the

sufficiency of an executed warrant on the basis that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Id*. at 155–56; *see United States v. Atkin*, 107 F.3d 1213, 1216 (6th Cir. 1997) (discussing *Franks*).

"Allegations of material omission," the Sixth Circuit cautions, "are held to a higher standard because of the potential for endless rounds of *Franks* hearings due to potentially endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *Fowler*, 535 F.3d at 415–16 (internal quotation marks omitted) (quoting *United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990)). Therefore, in the case of alleged material omissions,

> the defendant is entitled to a hearing if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it.

*Fowler*, 535 F.3d at 415. In *Fowler*, for example, the defendant challenged a search warrant on the grounds that the federal agents "intentionally misled the magistrate by failing to acknowledge the confidential informant's involvement in ongoing criminal activity." *Id*. at 416. Rejecting the defendant's argument that this information "would have made the magistrate doubt the confidential informant's veracity," the court explained that "the affidavit acknowledged the confidential informant's criminal activity by stating that the confidential informant had sold methamphetamine to [the defendant]." *Id*. The court continued:

> Considering that "it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities," it is no surprise that most confidential informants are engaged in some sort of criminal activity. It would unduly hamper law enforcement if information from such persons were considered to be incredible simply because of their criminal status. Without more than a mere allegation that the affiant failed to disclose the nature and degree of

>     the confidential informant's criminal activity, [the defendant] was not entitled to a
>     *Franks* hearing.

*Id.* (internal citation omitted) (quoting *United States v. Martin*, 920 F.2d 393, 398–99 (6th Cir. 1990)).

In this case, Defendants establish neither of the two prongs required for a *Franks* hearing. First, Defendants do not make a "substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit." *Fowler*, 535 F.3d at 415. Recognizing that the report documenting the informant's confession was made in December — three months after the initial Title III wire intercept was authorized and a month after the warrant was authorized — Defendants argue:

> The confidential informant's deception and drug-related problems was [sic] supposedly not known to Agent Kinzig until after the search warrants had been issued but when conducting a controlled buy agents give the informant a "specific" amount of money, and in return they are to receive a "specific" amount of crack cocaine. Agents weighed each amount of crack cocaine they received and as a result they knew when they were short, yet no action was taken on their behalf to fix the problem.
>
> Additionally, in her report Agent Kinzig does not detail how she discovered that the confidential informant was stealing from the controlled purchases. The report merely states that the confidential informant confessed. However it is unlikely that this confession was random. Instead this confession was more likely the result of intense questioning from Agent Kinzig.

Def.'s Suppression Br. 9 (internal citation omitted). The government responds that a purchaser getting precisely the quantity paid for is substantially less certain in the crack cocaine street trade, writing: "A drug dealer providing a slightly lower quantity of drugs than his purchaser agreed to purchase is not an uncommon occurrence in the drug trade." Gov't Suppression Resp. 5. Illustrating the uncertainty, the government notes that "during this investigation, the amount of drugs received varied widely from the amount of drugs purchased. For instance, on January 22, 2009, a different source ordered an ounce, or 28 grams, of cocaine from [Eric Marshall] but

received only 19.28 grams." *Id*. In light of this variability in the quantity purchased and received, Defendants have not made the necessary "substantial preliminary showing" that Agent Kinzig recklessly disregarded the truth, much less that she engaged in a deliberate falsehood, in not discovering and disclosing the confidential informant's pilfering from the controlled purchases.

Second, even if the informant's conduct had been discovered and disclosed in the affidavits, the affidavits would nevertheless support a finding of probable cause. As in *Fowler*, it is not obvious whether disclosing that a confidential informant engaged specifically to make controlled purchases of crack cocaine himself uses "would have made the magistrate doubt the confidential informant's veracity [or credibility]." 535 F.3d at 416. As the Sixth Circuit observes, "it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities." *Id*. (quoting *Martin*, 920 F.2d at 398–99). Moreover, the informant was only one of seven confidential informants the FBI had used to make controlled purchases from Eric Marshall and his associates. Even if Judge Binder had found this one informant's evidence unreliable, Defendants do not suggest any basis on which he would have discounted the veracity of the other six confidential informants whose evidence supported the affidavits at issue. The motion to suppress will be denied.

**IV.**

Accordingly, it is **ORDERED** that the motion for disclosure of *Brady* materials (ECF Nos. 438, 459, 441) is **GRANTED IN PART AND DENIED IN PART**. The government shall disclose to the Defendants all agreements exchanged for witness cooperation, excluding those made with confidential informants who will not testify at trial.

It is further **ORDERED** that the motion for disclosure of confidential informants (ECF Nos. 439, 459, 441) is **DENIED**.

It is further **ORDERED** that the motion to suppress evidence produced by the search and seizure warrant of 3371 Barber Road and the interception of wire communications (ECF Nos. 440, 459, 441) is **DENIED**.

It is further **ORDERED** that the hearing scheduled for Wednesday, December 7, 2011, at 2:00 p.m., is cancelled because the parties' papers provide the necessary factual and legal information to decide the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 5, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS