UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case Number 09-20536-6

v.                                   Honorable Thomas L. Ludington

TERRY MARSHALL,

        Defendant.

_____/

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

In November 2009, a grand jury in the Eastern District of Michigan returned a forty-nine-count indictment against fifteen defendants accused of conspiring to distribute cocaine and cocaine base near Bay City, Michigan, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When the grand jury issued a second superseding indictment on August 5, 2010, the alleged conspiracy grew to include twenty-five defendants and fifty-eight criminal charges. ECF No. 182.

Terry Marshall was one of these twenty-five defendants. On April 16, 2012, Defendant plead guilty to one count of conspiracy to distribute twenty-seven grams of cocaine base. Pursuant to the Rule 11 plea agreement she executed on that date, Defendant agreed with the government that her sentencing guideline range was 140 to 175 months. She further agreed that under the sentencing guidelines, her total offense level was 32 and her criminal history was category five. The government, in return, agreed to withdraw its notice of prior convictions filed pursuant to 18 U.S.C. § 851, which would have imposed a statutory mandatory minimum of life in prison for the offense charged in the information.

On August 1, 2012, Defendant was sentenced to 140 months imprisonment. Defendant now moves for a reduction of her sentence based on the Fair Sentencing Act, 124 Stat. 2372, and the Supreme Court's holding in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). ECF. No. 661.

The United States Code imposes mandatory minimum prison sentences upon those convicted of federal drug crimes. "Until 2010," the Supreme Court observes, "the relevant statute imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey*, 132 S. Ct. at 2326. The Fair Sentencing Act — which took effect on August 3, 2010 — dramatically changed this, as the Supreme Court explains:

> The Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum (while leaving powder at 500 grams and 5,000 grams respectively). The change had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1. (The Act also eliminated the 5–year mandatory minimum for simple possession of crack.)

*Dorsey*, 132 S. Ct. at 2329 (citations omitted) (citing 124 Stat. 2372). The United States Sentencing Commission promulgated conforming guideline amendments that took effect on November 1, 2011. *See id.* (citing 76 Fed.Reg. 24960 (2011)).

Here, as noted, Defendant was sentenced on August 1, 2012. Her sentence did not impose a mandatory sentence. Her guideline range was calculated under the *2011 Guidelines Manual*, which incorporates the guideline amendments promulgated to conform with the Fair Sentencing Act. In sum, Defendant was sentenced pursuant to the Fair Sentencing Act. Her motion for a reductions of her sentence based on the Fair Sentencing Act therefore requests relief already afforded her.

Accordingly, it is **ORDERED** that Defendant's motion for a reduction of her sentence based on the Fair Sentencing Act to (ECF No. 661) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 26, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Terry Marshall #42440-039 at USP Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525 by first class U.S. mail on October 26, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS